IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES W. RILEY, | § | |
| | § | No. 207, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 00004014504 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 5, 2019
Decided: August 21, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, James W. Riley, filed this appeal from the Superior Court's denial of his motion to correct an illegal sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Riley's opening brief that his appeal is without merit. We agree and affirm.

(2)    In 1982, Riley was convicted of multiple crimes, including first degree murder, and was sentenced to death. This Court affirmed the convictions and

sentence.[1]  In 2001, the United States Court of Appeals for the Third Circuit reversed Riley's convictions and ordered a new trial.[2]  On retrial, a Superior Court jury found Riley guilty of first degree murder, first degree robbery, and possession of a deadly weapon during the commission of a felony.  The Superior Court sentenced Riley to life imprisonment plus another twenty-five years of incarceration.  On appeal, this Court affirmed.[3]  This Court also affirmed the Superior Court's denial of Riley's first and second motions for postconviction relief.[4]

(3)    In March 2019, Riley filed a motion to correct an illegal sentence.  He argued that the *Hurst v. Florida*[5] and *Rauf v. State*[6] decisions extended to the pretrial and trial stages, many judges misused their impermissible final sentencing authority to impose the death penalty throughout pretrial and trial proceedings, a life-without-parole sentence cannot be severed from the capital sentencing provisions in 11 *Del. C.* § 4209, and he should be resentenced for second degree murder.  The Superior Court denied the motion, finding the sentence was appropriate for all of the reasons stated at sentencing.  This appeal followed.

---

[1] *Riley v. State*, 496 A.2d 997 (Del. 1985).
[2] *Riley v. Taylor*, 277 F.3d 261 (3d Cir. 2001).
[3] *Riley v. State*, 2004 WL 2850093 (Del. Oct. 20, 2004).
[4] *Riley v. State*, 2014 WL 98643 (Del. Jan. 9, 2014); *Riley v. State*, 2012 WL 252405 (Del. Jan. 26, 2012).
[5] 136 S.Ct. 616, 622-24 (2016) (holding Florida's capital sentencing scheme, which entailed a jury making a sentencing recommendation and a judge finding the facts necessary to impose a death sentence, violated the Sixth Amendment).
[6] 145 A.3d 430, 434 (Del. 2016) (holding the capital sentencing procedures in 11 *Del. C.* § 4209 were unconstitutional under federal law).

(4)     We review the denial of a motion for correction of sentence for abuse of discretion.[7] To the extent a claim involves a question of law, we review the claim *de novo*.[8] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[9]

(5)     The Superior Court did not err in denying Riley's motion to correct an illegal sentence. After his retrial in 2003, Riley was sentenced to life imprisonment, not the death penalty. The *Hurst* and *Rauf* holdings on the constitutionality of death penalty statutes have no bearing on Riley's life sentence. Riley contends that trial judges misused their authority to impose the death penalty in pretrial and trial proceedings, but fails to show that any such misuse occurred here. This Court previously rejected Riley's claim that the trial judge did not fulfill his obligation to inquire fully into the reasons for Riley's disagreement with his counsel.[10] As to Riley's severability argument, this Court held in *Powell v. State*[11] and *Zebroski v. State*[12] that the life-without-parole alternative in § 4209 is severable from the rest of

---

[7] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[8] *Id.*
[9] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[10] *Riley*, 2004 WL 2850093, at *4 (concluding that the trial judge made the appropriate inquiries and properly determined that there was no disqualifying conflict of interest).
[11] 153 A.3d 69 (Del. 2016).
[12] 179 A.3d 855 (Del. 2018).

the death penalty statute. Riley has not shown a basis to overturn either of those decisions.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Justice

4